[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION: RE: DEFENDANT'S REQUEST FOR IN-CAMERA REVIEW DATED NOVEMBER 20, 1998
The Court has carefully reviewed defendant's request for a further in-camera review and disclosure of material from the records of the Department of Children and Families (DCF) regarding the alleged victim in this case. The Court denies the request for material for the reasons stated below.
The Assistant State's Attorney, Sandra Tullius, has previously reviewed the DCF files for Brady material. As a result of that review, she turned over to defense counsel certain relevant documents from the DCF file. Defense counsel then asked for a further review and subpoenaed the entire DCF file.
At a hearing on October 20, 1998, I indicated that I would try to arrange for defendant's co-counsel in the criminal case, CT Page 13617 Mr. Schiller, to have access to the entire DCF file to help in the preparation of the defense in this case. Pursuant to DCF procedures, Mr. Schiller could have access because he is counsel of record for Mr. Cutler in the pending Juvenile case.
I made these arrangements through the DCF caseworker, and Assistant Attorney General Patty Johnson. I communicated that information forthwith to defendant's co-counsel, Arthur Meisler. Mr. Schiller was to be responsible to contact DCF to make arrangements to get access to review the files.
This arrangement allowed Mr. Schiller a month or more, to gain access to the entire DCF file. The file contains four volumes totaling several thousand pages. Mr. Schiller apparently waited several weeks before arranging to review the DCF files. In spite of this, he still had the opportunity to carefully review the entire file and to take notes.
Mr. Schiller did review the entire file, took notes, and filed a motion with the Court requesting disclosure of approximately 114 documents from the files, many of which contain multiple pages.
The Court feels that under the circumstances, photocopying of all of those documents is unnecessary. The review procedure was set up for defense counsel as an alternative to an additional in-camera review. The purpose of an in-camera review is to allow an independent analysis of the confidential materials, when defense counsel does not have access. In this case, defense counsel has been given complete access to the documents.
This Court has arranged for more complete access of DCF records than is required by any caselaw.
In addition, much of the material being requested by Mr. Schiller in his November 20, 1998 request is redundant. Much of the DCF materials has already been reviewed and disclosed to defense counsel through the Court's in-camera review of medical and school records. The Court made disclosures to counsel of those documents on October 20, 1998 and November 20, 1998.
The Court, however, recognizes that some of the documents in the DCF file might be needed at trial. Therefore, the Court established the following procedure at a hearing on November 23, 1998, with Attorneys Tullius, Meisler, and Schiller present: CT Page 13618
 1. Mr. Schiller will be given supervised access to the Court's copy of the four volumes of the DCF file.
 2. No copies will be made at that time, and no additional notes taken.
 3. Mr. Schiller will tab each document that he wants referenced for trial. The tab will be numbered, and a corresponding number will be marked by Mr. Schiller on his November 20, 1998 request for in-camera review on the line item being tabbed.
 4. When he has completed numbering the documents in the Court's exhibit (with tabs) and writing the corresponding number on his November 20, 1998 pleading, the clerk will keep the original of the November 20th document to be kept with the Court's exhibit.
The Clerk shall also make copies of the November 20th pleading (with numbers) and distribute copies to:
1. Judge Kaplan
2. Assistant State's Attorney Sandra Tullius
3. Attorney Arthur Meisler
4. Attorney Howard Schiller
 5. Attorney William Shea, Guardian-ad-litem for the alleged victim
 6. Attorney Thomas Fiorentino, Juvenile Court counsel for the alleged victim
Attorney Schiller shall tab and number documents, on or before November 27, 1998, so that distribution can be made to all counsel before Trial begins.
The court will make arrangements to have a copier readily available during trial. Any counsel requiring a copy of one of the "tabbed and indexed" documents, will refer to it by number and the clerk will make a copy. Each counsel will be given a copy and one copy will be marked as an exhibit for identification CT Page 13619 only. Thereafter, if the document is offered, and admitted, it will be marked as a full exhibit.
Therefore, for the reasons stated above, the request for disclosure of documents from the DCF file is denied.
However, the Court has established the above procedure, to allow defense counsel full access to the documents through the pre-trial and trial procedure, established in this Decision.
BY THE COURT,
HONORABLE JONATHAN J. KAPLAN